## Schoble v. Schoble

*Monroe H. Anders*, for plaintiff.

*Theodore Lane Bean*, for defendant.

KNIGHT, P. J., December 4, 1942.—The parties are husband and wife, and the action arises from the wreck of a marriage. For our present purpose, we must take the averments of the bill as true.

The parties have two children, and separated in the latter part of March 1939. The husband, plaintiff, avers that a lawyer, a friend of both parties, informed him that to protect their "mutual rights" a written agreement of separation should be entered into, and that he, the lawyer, agreed to act as counsel for both

parties in preparing said agreement. Plaintiff, relying upon the promise by the attorney that his rights would be fully protected, and that he would only surrender to his wife that which he would be compelled to surrender if the matter were settled through the courts, signed an agreement, a copy of which is attached to the bill.

In September 1940, the parties again resumed marital relations, at which time plaintiff was asked to sign another agreement, which he was told by the attorney would restore to him all his rights, except the money and securities actually paid over to his wife during the separation. Plaintiff was also told that the signing of this agreement was a prerequisite to the resumption of marital relations.

A copy of this second agreement is attached to the bill. It is in effect a reaffirmation and confirmation of the first agreement.

The reconciliation lasted only four months, when the defendant wife deserted the plaintiff.

Since January 1, 1941, the defendant has brought six actions against the plaintiff, in various courts of this and Philadelphia County. Five of these actions are based, directly or indirectly, on the agreements heretofore referred to. This agreement took from plaintiff his entire estate, his land, his stocks, bonds, insurance policies, half his wages and income, and obligated him to pay a debt of $11,000, for which he never received any consideration from his wife, and out of the annual income of approximately $5,800 leaves him but $22.50 per week. The bill sets forth a list of the securities, real property, trust funds and expectancies which, under the agreement, he turned over to his wife.

Plaintiff avers that he did not understand the legal import and significance of the agreement, until after the desertion, and if it had been explained to him by the attorney, who was in fact counsel for his wife, he

would not have signed it. Plaintiff further avers that the agreement was obtained by fraud, and that it is unreasonable, unfair, inequitable and unconscionable, and prays that it may be declared null and void, and that his property and rights be restored to him. To the bill defendant then filed these preliminary objections.

At the outset we are met with a serious question of procedure.

The preliminary objections were filed on May 1, 1942, and defendant did not order them on the argument list until September 14, 1942.

The proceeding here is governed by Equity Rule 49, which provides, in part:

"If defendant objects by answer as provided in rule 48 upon any one or more of the grounds above stated, plaintiff may within ten days after the filing of such answer amend as of course, in such a way as he may consider necessary to obviate the objections. If no amendment is made, defendant may rest on his original objections, or if amendments are made and defendant thinks the bill as amended is still open to objection he may either stand on the objections already filed or supplement them; and, within ten days after expiration of the time for amendments, defendant may order the case upon the argument list for hearing. If this course is not pursued all objections will be deemed finally waived, and defendant must answer within an additional ten days under penalty of having the bill taken *pro confesso*."

Obviously, defendant has not pursued the course required by Rule 49. Plaintiff did not amend his bill, and defendant did not order the case on the argument list within 10 days after the expiration of the time for amendments, nor has she filed any answer to the bill. Rule 49 has the effect of a statute; its meaning is clear and its terms are mandatory. The rule declares that under the circumstances here present defendant's pre-

liminary objections must be deemed finally waived. Plaintiff insists upon the application of the rule, and the court must enforce it.

We have found no appellate court case in which this part of the rule has been construed, but there is a wealth of authority in the lower courts on the subject. Among the cases may be cited Wettengel v. Robinson et al., 74 Pitts. 325 (1926), Strizak et al. v. Danacko et al., 11 D. & C. 150 (1928), Hindes v. Monongahela Con. R. R. Co., 77 Pitts. L. J. 534 (1928), Jennings et ux. v. Jennings et al., 28 Luz. L. R. 195 (1934), Zanin v. Forlin et al., 4 Schuylkill Reg. 35 (1936), and City of Bethlehem v. Druckenmiller, 27 Northamp. 356 (1940).

All these cases hold that preliminary objections to a bill are waived by failure to order them on the argument list within the time prescribed by the rule. Defendant by her delay has waived the objections.

This opinion might well end here, but some observations may be made on the objections.

The first objection complains that the bill contains impertinent and scandalous matter. This refers to the allegation that an attorney attempted to represent conflicting interests and mislead plaintiff. Scandalous and impertinent matter should be stricken from a bill when it is unnecessary and immaterial to the issue. The averments as to the attorney's conduct, however, are some of the foundation stones of plaintiff's case. We are therefore of the opinion that there is no merit in this objection.

The second objection sets forth that the bill avers that the Orphans' Court of Philadelphia County has assumed jurisdiction of the parties, and the trust res, and should be permitted to proceed without the intrusion of the Court of Common Pleas of Montgomery County.

The bill does not aver that the Orphans' Court of Philadelphia County has assumed jurisdiction, but that

defendant has asked that court to assume jurisdiction, and that the matter is being litigated. This action only applies to one of the numerous claims made by defendant under the agreement.

The third objection is that plaintiff has adequate remedies at law. The remedy at law is not adequate in our opinion, and certainly is not the most convenient remedy.

The fifth objection charges laches on the part of plaintiff in bringing his bill. The bill avers that defendant has had four attorneys since September 1940, and that plaintiff and his counsel have had negotiations with each one of them, in an earnest endeavor to get the matter settled. These negotiations, if carried on in good faith, absolve plaintiff from the charge of laches.

And now, December 4, 1942, the objections are declared waived and dismissed, and defendant is allowed 20 days to answer on the merits, under penalty of having the bill taken pro confesso.